### Ralph Butler, Appellee, v. David A. Whiteman, Appellant.

### Gen. No. 6,079.    (Not to be reported in full.)

Appeal from the County Court of Henderson county; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action by Ralph Butler, plaintiff, against David A. Whiteman, defendant, in the County Court of Henderson county, to recover on a contract whereby plaintiff did certain plumbing work for defendant. From a judgment for plaintiff, defendant appeals.

It appears that appellant's house had been destroyed by fire, and he required a job of plumbing, and heating pipes and registers for the new house that he was constructing but supposed his old furnace would serve his purpose. He sent appellee specifications that had been prepared for plumbing and heating, and afterwards there was a conference between the parties having these specifications before them, and appellee prepared, signed and handed to appellant a paper writing in which he proposed to do the plumbing work described in detail, and differing somewhat from the description in the specifications, for $310, one-half payable on arrival of material, and one-half when the job should be completed. Appellant afterwards concluded the old furnace would not serve his purpose and bargained with appellee for new furnace at an agreed

price of $64.50. Appellee proceeded with the work, including putting in of the furnace pipes, registers, etc., which is spoken of as a furnace job, and during the progress of the work sent appellant a statement, or bill, as follows:

"½ Plumbing and lighting job $310.$155.00
½ Furnace job ................. 62.50
1 Furnace .................... 64.50

                                    $281.50"

which appellant answered, inclosing his check, as follows: "I am enclosing check for $219.50, which is half your bill of $310.00 and full pay for new furnace."

The written proposition did not include the furnace work, but plaintiff testified that later such work was verbally added to the contract at the price sued for, in which testimony he was supported by the testimony of his two daughters who came into the room during the conversation as to such work. Defendant admitted the conversation, but claimed that the price agreed upon for such work was $125. There was a jury trial in the County Court.

Safford & Graham and James W. Gordon, for appellant.

Hartzell, Cavanagh & Babcook, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1410*—when verdict will not be reversed as against weight of evidence. Although it is the duty of the Appellate Court on appeal from judgment to reverse such judgment, when the verdict on which such judgment is based is "clearly and manifestly" against the evidence, yet, in considering such a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

judgment, the words "clearly and manifestly" must not be overlooked, and such judgment will not be reversed merely because an examination of the record seems to show that the verdict was not supported by the evidence.

2. EVIDENCE, § 475*—*when preponderance not determined by number of witnesses.* The question of the preponderance of the evidence cannot be determined merely by counting the witnesses testifying on one side or the other of a cause, although the number of witnesses testifying for and against a given statement of fact is obviously an important consideration in determining the question of preponderance as to such statement.

3. EVIDENCE, § 475*—*what does not constitute preponderance.* There is no preponderance of evidence where one witness affirms a fact and another denies it if no reason appears for discrediting either witness.

4. CONTRACTS, § 387*—*when verdict not against manifest weight of evidence.* In an action to recover on a contract for the installation of plumbing work, where the evidence was conflicting, a verdict for plaintiff *held* not clearly and manifestly against the weight of the evidence.